**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL BELL; HARRINGTON
SCHOOL FOUNDATION, a Utah
non-profit corporation,

      Plaintiffs-Appellants,

v.

AMERICAN FORK CITY,

      Defendant-Appellee.

No. 98-4215

(D.C. No. 97-CV-697-J)
(D.Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR,** Chief Judge, **BRISCOE** and **MURPHY,** Circuit Judges.

Plaintiffs Carl Bell and Harrington School Foundation appeal the district court's entry of summary judgment in favor of defendant American Fork City (the City) on plaintiffs' constitutional and state law claims arising out of eminent domain proceedings instituted by the City with respect to property owned by plaintiffs. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's disposition of plaintiffs' equal protection and state law claims. With respect to plaintiffs' takings and due process claims, however, we reverse and remand with instructions to dismiss those claims without prejudice for lack of subject matter jurisdiction.

## I.

This case centers around a parcel of property, known as the "Harrington Property," situated in or near the downtown area of the City. The Harrington Property, which consists of the Harrington School (apparently the first public school house opened in Utah), a school administration building, and a parking lot, is located between City Hall and the City's Public Safety Building. In late 1993, a Building Expansion Task Force commissioned by the City recommended that the City acquire the Harrington Property from its then owner, the Alpine School District, for needed building expansion.

In July 1994, Bell, who was interested in acquiring and commercially developing the Harrington Property, approached the City Council and presented his acquisition and development proposal. The City Council allegedly indicated to Bell it was interested primarily in the parking lot portion of the Harrington Property, and that he could thus proceed with his acquisition and development plan for the remaining portion of the Harrington Property.

In apparent reliance on the City Commission's statements, Bell took

2

several steps towards acquiring and developing the Harrington Property. In particular, he allegedly sold various items of personal property in order to generate proceeds for the purchase of the Harrington Property. In addition, he and other individuals formed the Harrington School Foundation (the Foundation), whose purpose was to hold title to the Harrington Property and oversee its management and development. Lastly, he allegedly arranged for "hundreds of thousands of dollars worth of donations in money, materials, labor, equipment, and items of art as an initial and essential step" in the development of the Harrington Property. Plaintiffs' Opening Brief at 4. Having taken these steps, Bell purchased and acquired title to the Harrington Property from the Alpine School District in December 1994.

On January 11, 1995, the City Council voted to acquire all of the Harrington Property through the filing of an eminent domain action. The action was filed in the Fourth Judicial District Court of Utah County on February 13, 1995. Bell responded by filing a motion for summary judgment asserting the City failed to satisfy the prerequisites for the public taking of property under Utah law. On September 28, 1995, the state district court presiding over the eminent domain action granted Bell's motion for summary judgment and dismissed the action. App. at 8. In doing so, the court concluded the City had "abused" its power of eminent domain in that, at the time it initiated the action, it

had (1) "[f]ailed to adopt a clear, well-defined plan," (2) "[f]ailed to commission a feasibility study for use of the premises including traffic studies, capacity analyses, vehicle or pedestrian courts, parking need studies," (3) [f]ailed to commission or prepare architectural renderings, schematics, diagrams, or other illustrations depicting intended use of any portion of Harrington property," (4) "[f]ailed to reestablish at the time eminent domain was authorized, present public need for th[e] parcel," (5) "[f]ailed to establish that the construction and use of th[e] parcel . . . w[ould] commence within a reasonable time after initiation of the" eminent domain proceedings, (6) "failed to appropriate . . . funds for building renovation or construction," and (7) "[f]ailed to request, budget or appropriate funds to place the subject property into use." Id. at 16-17.

Although Bell had submitted site plans for the Harrington Property to the City Council, the City's attorney allegedly advised the City's Planning Commission to take no action on those plans during the pendency of the eminent domain proceedings. According to plaintiffs, the City's institution of the eminent domain proceeding, and its concomitant refusal to act on the submitted site plans, effectively deprived them of the ability to make any "economic use of the property." Plaintiffs' Opening Brief at 5.

On September 4, 1997, Bell and the Foundation filed this action against the City asserting violations of 42 U.S.C. §§ 1983 and 1985 (deprivation of property

4

without due process of law, deprivation of property without just compensation, and violation of equal protection rights), as well as state law claims for defamation, intentional infliction of emotional distress, and interference with business reputation. The City moved for summary judgment. After hearing argument on the motion, the district court granted the City's motion in its entirety.

II.

Plaintiffs contend the district court erred in granting summary judgment in favor of defendant with respect to their federal claims. [1] In reviewing a grant or denial of summary judgment, we apply the same standard applied by the district court under Federal Rule of Civil Procedure 56(c). King v. Union Oil Co. of Calif., 117 F.3d 443, 444-45 (10th Cir. 1997). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Turning first to plaintiffs' Fifth Amendment takings claim, we conclude it is not yet ripe and the district court thus lacked jurisdiction to entertain it. In Williamson County Regional Planning Commission v. Hamilton Bank of Johnson

---

[1] Because plaintiffs do not discuss the merits of their state law claims in their appellate pleadings, and have not included in their appendix sufficient materials to allow us to review those claims, we conclude they have effectively abandoned those claims.

5

City, 473 U.S. 172, 195 (1985), the Supreme Court held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Here, the State of Utah has provided an adequate posttaking remedy, i.e., an inverse condemnation proceeding, which plaintiffs have yet to utilize. See, e.g., Bagford v. Ephraim City, 904 P.2d 1095, 1097 (Utah 1995). Unless and until plaintiffs avail themselves of this remedy, their takings claim will remain unripe. See Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir. 1991) (holding that failure to invoke Wyoming inverse condemnation procedure before seeking federal court relief renders case unripe for consideration); see also Bateman v. City of West Bountiful, 89 F.3d 704, 706 (10th Cir. 1996) ("whether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution").

Plaintiffs' procedural due process claim, which is based on exactly the same facts as their takings claim, is similarly precluded by the availability of a state postdeprivation remedy. See Rocky Mountain Materials & Asphalt, Inc. v. Board of County Comm'rs, 972 F.2d 309, 311 (10th Cir. 1992); see also Parratt v. Taylor, 451 U.S. 527, 538 (1981) ("the normal predeprivation notice and opportunity to be heard is pretermitted if the State provides a postdeprivation remedy").

6

As for plaintiffs' equal protection claim, it is unclear from the record precisely what plaintiffs are claiming, or what evidence they are relying on in support of this claim. Indeed, because plaintiffs do not discuss the merits of this claim in their appellate pleadings, we conclude they have abandoned it on appeal.

Plaintiffs' motion to submit a supplemental appendix is GRANTED. The judgment of the district court with respect to plaintiffs' equal protection and state law claims is AFFIRMED. The judgment of the district court with respect to plaintiffs' takings and due process claims is REVERSED and REMANDED and the district court is directed on remand to dismiss those claims without prejudice for lack of subject matter jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge